## WILLIAM H. AUSTIN *et al.*

*v.*

## DANIEL N. BAINTER.

1.  PRACTICE IN THE SUPREME COURT—*of the trial of issues of fact.*  An issue of fact was formed in this court upon a plea of release of errors, and sent to the court below to be tried by jury; a trial was had, and verdict returned in favor of the defendant in error, which was certified to this court, together with the testimony.   On motion, the verdict was set aside as not being supported by the evidence, and it being presumed all the evidence which could be adduced was presented by the parties, it was not deemed necessary to send the issue back to be tried by another jury, and the court proceeded to consider the merits of the case as presented by the assignment of errors.

2.  CONSIDERATION—*when sufficient.*  Where the holder of a note, drawing six per cent. interest, brings suit thereon, and pending the suit, agrees to forbear the collection and extend the time of payment to a specified day, upon the maker promising to pay interest at ten per cent. on the unpaid balance due, the agreement to extend the time of payment is a sufficient consideration to support the promise to pay the increased rate of interest.

3.  INTEREST—*at what rate allowable.*  The law allowing interest at the rate of ten per cent. to be contracted for, there is no objection to such a contract on that ground.

WRIT OF ERROR to the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This cause was before this court at the January term, 1866, when pleas of a release of errors were filed, and the issues

formed thereon were sent to the court below to be there tried before a jury, with directions that their finding and the evidence in respect thereto, should be certified to this court. The proceedings relating to those pleas are reported in 40 Ill. 82. The issues having been tried in the court below, the finding thereon, and the testimony are certified to this court at the present term. The jury found the issues for the defendant in error, but the court set the verdict aside, as not being supported by the evidence, and proceeded to consider the merits of the case, as presented by the assignment of errors.

The suit was in chancery, to foreclose a mortgage. The bill was filed by Bainter against Austin and Albers, and alleges the mortgage was executed to one Coulson, on the 9th of October, 1857, to secure the payment of two promissory notes, executed by Austin and Albers to Coulson, dated June 9th, 1857, each for $2,833.33 with six per cent. interest from date, one due June 3d, 1858, and the other due June 3d, 1859, the latter being endorsed by Coulson to Bainter, on the 24th of June, 1858.

The bill also sets forth an agreement entered into between the makers of the note and Bainter, on the 1st day of June, 1860, which recites that Bainter held the note assigned to him, and that the same had credits endorsed thereon to the amount of $1,524.76; that Bainter had brought suit on the note, which was then pending; and providing that in case the makers pay interest on the balance unpaid, at the rate of ten per cent. per annum, payable semi-annually, and reduce the amount due by February 1st, 1861, to $1,200, and within six months from that time to $750, and pay the whole within two years, Bainter would not prosecute his suit, and the makers agreed to do so.

A decree was entered, finding the sum due, $1,948.36, and a sale of the premises was ordered. The defendants thereupon sued out this writ of error.

Messrs. SKINNER & MARSH, for the plaintiffs in error.

Mr. JACKSON GRIMSHAW, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The issue of fact formed in this case, was sent to the court below for trial, and was submitted to a jury, who found the issue for defendant in error. The entire evidence heard by the jury is certified to this court with the verdict, and when examined, it will be found that it fails to sustain the verdict of the jury. The motion to set aside must therefore be allowed. And as all the evidence introduced by the parties on the trial of the issue of fact is before us, and we see from it, that the pleas are not sustained by it, and as we presume that all of the evidence within the reach of the parties was introduced, we deem it unnecessary to send the issue back to be tried by another jury.

After careful examination of the note, endorsements and agreement, we are satisfied that the decree is too large by a considerable sum. If the interest is computed at ten per cent. it is too large by more than two hundred and fifty dollars. A reference to the agreement will show that plaintiffs in error were to pay to defendant in error, ten per cent. on the balance of the debt then unpaid, until the debt should be satisfied; and defendant in error agreed to extend the time for payment as therein specified. We can perceive no reason why the agreement to pay ten per cent. interest was not valid and binding. That rate was authorized by law, when it was so stipulated. The debt was due and the agreement to forbear its collection and to give further time for payment, was a sufficient consideration to support the agreement, and it must be enforced. But, inasmuch as the decree is for too large a sum, it must be reversed and the cause remanded.

*Decree reversed.*